IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEVEN SYLVESTER WALKER, JR.,**

      **Plaintiff,**

v. // CIVIL ACTION NO. 1:15CV213
                      (Judge Keeley)

**TERRY O'BRIEN, Warden U.S.P. Hazelton;
MATTHEW BUSHMAN; GREGORY MIMS;
HOWARD FITZHUGH; JAMES NOLTE; and
JUSTIN REBAULT,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

On November 16, 2015, the plaintiff, Steven Sylvester Walker, Jr. ("Walker"), filed this Bivens[1] action naming as defendants Warden Terry O'Brien ("O'Brien")[2] and the following "medical staff": Matthew Bushman ("Bushman"), Gregory Mims ("Mims"), Howard Fitzhugh ("Fitzhugh"), Justin Rebault ("Rebault"), and James Nolte ("Nolte") (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the case to the Honorable James E. Seibert, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Now pending before the Court is Magistrate Judge Seibert's R&R, which recommends that the Court dismiss Walker's complaint

---

[1] In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court permitted suit against federal employees in their individual capacity, creating a counterpart to suit under 42 U.S.C. § 1983.

[2] The complaint named only "U.S.P. Warden," but the docket was changed to identify O'Brien (Dkt. No. 38 at 25).

**WALKER V. O'BRIEN, ET AL.** 1:15CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

with prejudice (Dkt. No. 38). Walker has filed timely objections (Dkt. No. 40), and the matter is ripe for review. After carefully considering the R&R, for the reasons that follow, the Court **ADOPTS** the R&R (Dkt. No. 38).

### I. BACKGROUND

Walker alleges that, while incarcerated at U.S.P. Hazelton in Bruceton Mills, West Virginia, the defendants purposefully and deliberately failed to provide him with adequate medical care (Dkt. No. 1-1 at 3). Although previously diagnosed with Hodgkin's Lymphoma, a form of cancer, Walker had been in remission since 2009. Unfortunately, his cancer recurred in 2014. Id. at 5. Walker alleges that, despite his medical history, the defendants failed to properly test or diagnose him, and erroneously treated him for asthma.[3] Walker claims that, as a consequence, he suffered serious physical and mental injuries, including constant pain and depression (Dkt. No. 1 at 10). He further claims that his injuries resulted from the deliberate indifference of the defendants in violation of the Eighth Amendment, as well as negligence and malpractice. Id. For relief, he seeks $5,000,000 in damages and an

---

[3] The R&R contains a detailed account of Walker's factual allegations (Dkt. No. 38 at 3-6).

2

**WALKER V. O'BRIEN, ET AL.** 1:15CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

order directing the Bureau of Prisons ("BOP") to provide additional training to its medical staff. Id.

After Magistrate Judge Seibert granted Walker's request to proceed in forma pauperis (Dkt. No. 11), summonses were issued to the defendants on February 9, 2016, at the location identified in Walker's complaint (Dkt. No. 16). O'Brien, Mims, and Nolte were served shortly thereafter (Dkt. No. 21), but the summonses directed to Bushman, Fitzhugh, and Rebault were returned unexecuted on April 7, 2016. The BOP refused to accept service on their behalf because, as it advised the United States Marshals Service ("USMS"), these defendants were "never employed by BOP" (Dkt. No. 22).

On April 14, 2016, Walker moved the Court to order service on the remaining defendants through a subcontractor or third party (Dkt. No. 27). In response, the BOP made a special appearance to inform the Court that the unserved defendants were contracted by the BOP through "Staff Care Inc." for portions of the time at issue (Dkt. No. 28).

Magistrate Judge Seibert denied Walker's motion on April 18, 2016, noting that, under 28 U.S.C. § 1915, he is entitled only to service by the USMS and that the Court is not responsible for

**WALKER V. O'BRIEN, ET AL.** 1:15CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

locating the defendants.[4] Although the 120-day service period had expired, Magistrate Judge Seibert gave Walker an opportunity to provide updated addresses within 21 days but warned him that failure to do so could result in dismissal of Rebault, Bushman, and Fitzhugh (Dkt. No. 30). Walker never provided updated addresses for those defendants, and, to date, they have not been served with summonses.

O'Brien, Mims, and Nolte, on the other hand, filed a timely motion to dismiss on April 14, 2016 (Dkt. No. 24). In place of filing a response, Walker moved to amend his complaint pursuant to Fed. R. Civ. P. 15(a) (Dkt. No. 33). In his motion, he acknowledged that the defendants had pointed out certain defects that might jeopardize his complaint, and asked the Court to remove O'Brien, Nolte, and Mims as defendants. Id. at 1.

In an R&R filed on August 25, 2016, Magistrate Judge Seibert recommended that the Court dismiss Walker's complaint (Dkt. No. 38 at 25). First, he reasoned that Walker's allegations against O'Brien were not specific enough to subject O'Brien to supervisory liability under the Eighth Amendment, and that the sole remedy for

---

[4] Indeed, it is the in forma pauperis plaintiff's "responsibility to provide proper addresses for service." Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993).

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

the injuries allegedly inflicted by Mims and Nolte, who are Public Health Officers, lies in the Federal Tort Claims Act ("FTCA"). Id. Noting that Walker had asked the Court to remove them from the complaint, Magistrate Judge Seibert recommended that O'Brien, Nolte, and Mims be dismissed with prejudice for failure to state a claim. Id. at 12-15.

Next, Magistrate Judge Seibert noted that defendants Bushman, Fitzhugh, and Rebault had never been served because Walker had failed to provide proper addresses. Id. at 16-17. Although recognizing that these defendants usually would be subject to dismissal without prejudice for failure to timely serve, Magistrate Judge Seibert recommended that they be dismissed with prejudice because Walker's complaint had failed to state a claim against them. Id. at 17.[5] Notably, Walker made no mention of Fitzhugh in his complaint except to name him as a defendant. Id. Further, he failed to state a deliberate indifference claim against Rebault and Bushman. Id. at 22-23. Rather than allege the subjective indifference required to state a claim for deliberate indifference

---

[5] When a plaintiff proceeds in forma pauperis, 28 U.S.C. § 1915(e) allows the Court to dismiss the case sua sponte when it perceives that the action "fails to state a claim upon which relief may be granted [or] seeks monetary relief against a defendant who is immune from such relief."

**WALKER V. O'BRIEN, ET AL.** 1:15CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

under the Eighth Amendment, Magistrate Judge Seibert concluded that Walker merely disagreed with the diagnoses and treatments he had received. Id. at 22. Finally, to the extent Walker sought to bring claims for medical malpractice, Magistrate Judge Seibert concluded that he had wholly failed to allege the applicable standard of care or to comply with the pre-suit requirements of W. Va. Code § 55-7B-6, governing actions against health care providers. Id. at 23-24.

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court need review de novo only the portions of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Much like pro se pleadings, Estelle v. Gamble, 429 U.S. 97, 106 (1976), pro se objections should be "accorded leniency" and

6

**WALKER V. O'BRIEN, ET AL.**                                    **1:15CV213**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

"construed to raise the strongest arguments that they suggest." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (internal quotation omitted). Vague objections to an R&R, however, distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Failure to raise specific errors waives the claimant's right to a de novo review because "general and conclusory" objections do not warrant such review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009).

### III. APPLICABLE LAW

The Eighth Amendment protects prisoners from cruel and unusual punishment, including "the unnecessary and wanton infliction of pain." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation omitted). For a prisoner to successfully allege that he received medical treatment so deficient that it resulted in an Eighth Amendment violation, he must establish both that he had a "serious medical need[]" and that the defendants exhibited

7

**WALKER V. O'BRIEN, ET AL.** 1:15CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

"deliberate indifference" to it. Estelle, 429 U.S. at 104. The first prong is objective, Brice v. Va. Beach Correctional Ctr., 58 F.3d 101, 104 (4th Cir. 1995), and requires a demonstration that the plaintiff has "a serious medical need . . . diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

To establish the second prong, the prisoner must show that the defendant, "subjectively aware of the need and its seriousness, nevertheless acted with 'deliberate indifference' to it by declining to secure available medical attention." Brice, 58 F.3d at 104. The standard "sets a particularly high bar to recovery." Iko, 535 F.3d at 241. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. A defendant must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825,

**WALKER V. O'BRIEN, ET AL.**                                1:15CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

837 (1994). This requires a showing that the defendant had "actual knowledge of the risk of harm" and that "his actions were insufficient to mitigate the harm to the inmate arising from his medical needs." Iko, 535 F.3d at 241 (internal quotation and emphasis omitted); see also Jackson v. Lightsey, 775 F.3d 170, 174 (4th Cir. 2014) (reasoning that, although a screening doctor's "treatment may have been mistaken, even gravely so," the plaintiff's claim was "essentially a disagreement between an inmate and a physician over the inmate's proper medical care," which does not amount to deliberate indifference).

## IV. DISCUSSION

Walker filed eight objections to the findings and recommendations in the R&R (Dkt. No. 40). As an initial matter, several of his objections evince a fundamental misunderstanding of the proceedings. Walker objects that the R&R "mischaracteriz[ed] his claims as mere alegations [sic] when they are actual facts." Id. at 1. Moreover, he argues that the Court should deny summary judgment because there are "genuine issues and material facts to support his claims." Id. at 2.

A review of the R&R establishes that Magistrate Judge Seibert properly articulated and applied the applicable standard of review.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

Although the R&R included both the motion to dismiss and summary judgment standards (Dkt. No. 38 at 6-9), each of Magistrate Judge Seibert's recommendations is based on Walker's failure to state a claim against the defendants. Id. at 14-15, 17, 22-23. Indeed, analysis of whether a claim has been stated "does not resolve contests surrounding the facts [or] the merits of a claim," and factual disputes are thus immaterial. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Magistrate Judge Seibert correctly "accept[ed] as true all of [Walker's] factual allegations," but he was under no obligation to reference them as "actual facts." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Walker also generally asks the Court to reject the R&R, "allow [him] to move forward in this matter, . . . and proceed to the next step in the process" (Dkt. No. 40 at 3). The mere request that a court reach a particular outcome does not trigger de novo review. McPherson, 605 F. Supp. 2d at 749.

Walker's remaining objections, on the other hand, do specifically focus on portions of Magistrate Judge Seibert's conclusion that Walker's complaint failed to state a claim against O'Brien, Mims, Nolte, Bushman, and Rebault, and require de novo

**WALKER V. O'BRIEN, ET AL.**                                           **1:15CV213**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

review. 28 U.S.C. § 636(b)(1)(C). After reviewing those portions of the R&R to which Walker has specifically objected, for the reasons that follow, the Court **OVERRULES** these objections (Dkt. No. 40) and **ADOPTS** the R&R (Dkt. No. 38).

**A.   Defendants O'Brien, Mims, and Nolte**

After O'Brien, Mims, and Nolte filed their motion to dismiss on April 14, 2016 (Dkt. No. 24), Walker moved to amend his complaint pursuant to Fed. R. Civ. P. 15(a) to remove them as defendants (Dkt. No. 33). The R&R recommended that the Court grant the motion to amend and also grant the motion to dismiss for failure to state a claim (Dkt. No. 38 at 25). Walker objected to the conclusion in the R&R that his complaint failed to state a claim against O'Brien, Mims, and Nolte (Dkt. No. 40 at 1-2).

  **1.   Motion to Amend**

The threshold question is whether Walker timely filed his motion to amend. The defendants moved to dismiss on April 14, 2016, and Fed. R. Civ. P. 15(a)(1) permits Walker to amend as a matter of course within "21 days after service of a motion under Rule 12(b)." Here, Walker signed his motion to amend on May 2, 2016, and it appears that he mailed it on May 5, 2016, even though the Court did not receive and file it until May 9, 2016 (Dkt. No. 33). However,

11

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

---

"a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" United States v. McNeill, 523 Fed. App'x 979, 981 (4th Cir. 2013) (quoting Houston v. Lack, 487 U.S. 266, 275 (1988)).

Even assuming Walker received service of the defendants' motion to dismiss on the date that it was filed (April 14, 2016), and did not deliver his motion to amend to prison officials until the day it was mailed (May 5, 2016), the motion is nonetheless deemed filed within the 21-day period during which Walker was permitted to amend his complaint as a matter of course under Fed. R. Civ. P. 15(a). Therefore, the Court construes the motion to amend as an amendment of right and **GRANTS** the motion to remove O'Brien, Mims, and Nolte as defendants in this case (Dkt. No. 33). The Court **DENIES AS MOOT** their motion to dismiss (Dkt. No. 24), and also overrules Walker's objections related to this issue.

   2. **Motion to Dismiss**

Nonetheless, had Walker's amendment of right not been timely, the Court would have granted the motion to dismiss. In the R&R, Magistrate Judge Seibert concluded that Walker had not alleged facts sufficient to support O'Brien's personal involvement in or supervisory liability for the alleged violations of Walker's rights

**WALKER V. O'BRIEN, ET AL.** 1:15CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

(Dkt. No. 38 at 13-14). In addition, he recommended that Mims and Nolte, who are Public Health Officers, be dismissed as "immune from liability in a <u>Bivens</u> action." <u>Id.</u> at 14-15. Walker objected that the Court should focus on what O'Brien "did not do," and he argued that the United States may still be liable for the actions taken by Mims and Nolte (Dkt. No. 40 at 1-2).

Upon <u>de novo</u> review of those portions of the R&R, however, the Court agrees with Magistrate Judge Seibert's reasoning, which fully addressed the issues that Walker raised in his objections. Therefore, in the alternative, for the reasons stated more fully in the R&R, the Court **GRANTS** O'Brien, Mims, and Nolte's motion to dismiss (Dkt. No. 24).

**B.   Defendants Bushman and Rebault**

As noted above, although Bushman and Rebault were never served with summonses, Magistrate Judge Seibert recommended that Walker's claims against them be dismissed with prejudice because, even had they been served, the complaint failed to state a claim against them (Dkt. No. 38 at 18). Following <u>de novo</u> review, the Court agrees with the Magistrate Judge's recommendation.

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

**1. Deliberate Indifference**

Walker argues that he "established his Eighth Amendment claim by showing how government officials [sic] deliberate indifference deprived him of his medical needs" and "significantly affected" him (Dkt. No. 40 at 2). He further asserts that Bushman and Rebault's deliberate indifference is not negated by the fact that he received "some care" for his condition. Id. In support of his argument, Walker attached portions of his medical records (Dkt. No. 40-2).

As Magistrate Judge Seibert concluded, however, Walker's allegations simply do not state a claim for deliberate indifference (Dkt. No. 38 at 21-23). Assuming recurrence of Walker's Hodgkin's Lymphoma created an objectively "serious medical need," Iko, 535 F.3d at 241, he failed to allege that the defendants had "actual subjective knowledge of both [his] serious medical condition and the excessive risk posed by [their] action or inaction." Jackson, 775 F.3d at 178. He never alleged that he was denied the opportunity to be seen by a medical provider, or that the defendants knew that his Hodgkin's Lymphoma had recurred but nevertheless delayed appropriate treatment. See Johnson v. Fields,

**WALKER V. O'BRIEN, ET AL.** 1:15CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

616 Fed. App'x 599, 601 (4th Cir. 2015); Webb v. Hamidullah, 281 Fed. App'x 159, 166-67 (4th Cir. 2008).[6]

Although Walker disagrees with the manner in which he was treated, such an allegation "fall[s] short of showing deliberate indifference." Jackson, 775 F.3d at 178. He alleges that medical staff, cognizant of his history, improperly decided that his symptoms did not warrant a PET scan, diagnosed him with asthma, and prescribed a number of medications to address his complaints. In alleging a claim of deliberate indifference to medical needs, however, "it is not enough that an official should have known of a risk." Id. Even assuming that medical staff exhibited negligence by not taking additional action regarding Walker's complaints, such failure does not satisfy the subjective prong of deliberate indifference. Id.; see also Bridges v. Keller, 59 Fed. App'x 786 (4th Cir. 2013) ("That [prison officials] ultimately failed to correctly diagnose his injury does not render their responses deliberately indifferent."). Therefore, the Court agrees with

---

[6] Indeed, the medical records that Walker attached with his objections, which were not available to Magistrate Judge Seibert, support the conclusion that he was consistently seen by medical staff and treated for his symptoms (Dkt. No. 40-2).

**WALKER V. O'BRIEN, ET AL.**                                    **1:15CV213**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

Magistrate Judge Seibert's conclusion that Walker has failed to state a claim for deliberate indifference.

**2.   Medical Malpractice**

Walker also asserts that any failures identified in his medical malpractice claim result from his lack of legal knowledge and demonstrate "that he is in need of counsel to assist him" (Dkt. No. 40 at 2-3). Walker, however, is not entitled to the assistance of counsel in this case, see 19 U.S.C. § 1915(e)(1), nor should counsel be appointed absent exceptional circumstances. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

Here, Walker's lack of counsel does not excuse the shortcomings of his complaint. As Magistrate Judge Seibert noted in the R&R, the pre-filing requirements of W. Va. Code § 55-7B-6, which governs medical malpractice cases in West Virginia, apply with equal force to suits brought in federal court. Stanley v. United States, 321 F. Supp. 2d 805 (N.D.W. Va. 2004). It is beyond debate that Walker has not met those requirements, and that Magistrate Judge Seibert properly concluded that Walker's medical malpractice claims should be dismissed.

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

## V. CONCLUSION

In addition to de novo review regarding Walker's specific objections, the Court has reviewed the entire R&R for clear error and has found none. Therefore, it:

1) **ADOPTS** the R&R (Dkt. No. 38);

2) **OVERRULES** Walker's objections (Dkt. No. 40);

3) **GRANTS** Walker's motion to amend (Dkt. No. 33);

4) **DENIES AS MOOT** O'Brien, Mims, and Nolte's motion to dismiss (Dkt. No. 24);

5) Alternatively, **GRANTS** O'Brien, Mims, and Nolte's motion and **DISMISSES WITH PREJUDICE** all claims against these defendants (Dkt. No. 24);

6) **DISMISSES WITH PREJUDICE** all claims against Fitzhugh, Bushman, and Rebault; and

7) **DENIES AS MOOT** Walker's motions to appoint counsel (Dkt. Nos. 33; 41).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail,

**WALKER V. O'BRIEN, ET AL.**                                  **1:15CV213**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 38], GRANTING
PLAINTIFF'S MOTION TO AMEND [DKT. NO. 33], AND DENYING
AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 24]**

return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED:     February 15, 2017.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE